## No. 2608.—M. C. HALL v. B. R. HALL.

After the tax collector has made out and returned into the proper office the delinquent list, in compliance with law, the title to lands included in such list becomes vested in the State, subject to the right of the parties interested to redeem it as provided by law. After the delinquent list has been thus returned, the authority of the tax collector ceases, and he can not thereafter be made a party, nor is he competent to represent the State in a suit or proceeding by the vendor against the purchaser to compel a settlement of the taxes due on lands.

APPEAL from Fifth District Court, parish of Iberville. *Posey*, J. *Barrow & Pope*, for plaintiff and appellant. *A. & E. B. Talbot*, for defendant and appellee.

HOWELL, J. This is an application on the part of the plaintiff and defendant (the latter acting for his minor children) for a rule on D. R. Carroll, the purchaser of certain real property sold in this suit and C. Lozano, the State and parish tax collector, to show cause why said Carroll should not pay over the balance of the price, returned by him for the purpose of paying the taxes of 1862, 1863, 1864, 1866, 1867 and 1868, claimed to be due, and the said property pass to the purchaser "free of all claim or lien of the State of Louisiana or parish of Iberville for any of the taxes aforesaid."

Carroll answers that he holds the said sum to pay such taxes as may be legally due on the property, and whenever it is ascertained contradictorily with the collector what taxes are due, he is ready to pay as may be required.

Lozano excepts:

*First*—That the attempt of plaintiff to proceed by rule or otherwise, in this case, is prohibited by law.

*Second*—That the lands referred to by plaintiff, and on which a tax was assessed, have been embraced in the delinquent list of unpaid taxes, and filed in the office of the Recorder of the parish of Iberville, as required by law, and appearer has ceased to have any authority to collect said tax.

The exception alone was tried and sustained, dismissing the rule as to the tax collector, and plaintiffs appealed.

The first ground of the exception, which seems inconsistent with the second, need not be considered, as the latter appears to be well taken, being argued on this point as to the collector's right or authority to represent the State in this proceeding, no distinction being made between the parish and State taxes.

Under the seventy-fourth section of the Revenue Act of 1869, No. 114, the collector made out and returned the delinquent list of unpaid taxes for the years 1867 and 1868, which embraces the property in question, and made oath as required, that he found no other property liable to seizure and sale for said taxes. This, by section seventy-six of said act, vested the title to said property in the State, subject to

the right of the parties interested to redeem it, as provided in other sections of the same act, and such parties must apply for relief where the law has directed them. From the date of this mutation of the title, the authority of the tax collector ceases, and the question as to what taxes are to be paid or may be exacted in relation to, or on account of, that property, must be settled contradictorily with the officer or officers designated by the law for the purpose. The fact that the collector was commissioned to collect the back taxes, does not show authority in him to collect or receive such taxes after the title to the property, alleged to be subject to them, has been vested in the State. He may represent the State in proceedings against individuals for taxes due on their property, but not on property vested in the State. He is not the officer designated by the law to represent the State in such cases. A judgment against the tax collector in this proceeding, as the law now stands, would not bind the State.

Judgment affirmed.